UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

In RE: Brian R. Foster  Chapter 7 - Case No. 08-75126
    Debtor  Judge Ben T. Barry

R.SHAYNE CONINE  PLAINTIFF

v.  Case No. 2:09-ap-07076

BRIAN R. FOSTER  DEFENDANT

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

COMES NOW Defendant, Brian R. Foster, for his Response to Plaintiff, R. Shayne Conine's, Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, does states and aver as follows:

1. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(C). In applying this standard, the Court is charged to "view all facts, and any reasonable inferences that might be drawn from them, in the light most favorable to the non-moving party . . . " Maitland v. University of Minnesota 155 F.3d 1013 (8th Cir. 1998).

2. In addition, the party moving for summary judgment has the burden of establishing that it is entitled to summary judgment. Breeding v. Arthur J. Gallagher & Co. 164 F.3d 1151 (8th Cir. 1994) ("summary judgment should not be granted unless the evidence could not support any reasonable inference of discrimination.")

3. Summary judgment is not appropriate where a genuine issue of material fact exist or where a reasonable trier of fact could return a verdict for the nonmoving party. Anderson v. Liberty

Lobby, Inc., 477 U.S.242, 252 (1996).

4. It is undisputed in the pleadings that Plaintiff Conine was a drug addict, who at some point in time had her then boyfriend, Brian Foster, help her keep her dental practice together and running while she was in an addiction and mental residential treatment program.

5. It is undisputed in this case that after Plaintiff was released from the treatment program and Debtor broke up with her after having run her business for months without help or compensation that she filed a Complaint against Defendant and ultimately was awarded a **Default Judgment** in the state court proceeding styled *R. Shayne Conine v. Brian R. Foster*, Circuit Court of Pulaski County, Arkansas Sixteenth Division, Case No. CV 2006-6952 due to the fact a hearing was conducted on January 4, 2007, for which Debtor did not receive actual notice of.

6. It is undisputed that Defendant filed a voluntary Petition for Relief under Chapter 7 of title 11 of the United States Code on December 12, 2008, in the Western District of Arkansas, Fort Smith Division, Case No. 2:08-bk-75126, and jurisdiction and venue are proper in this Court.

7. Plaintiff contends that the debt in this case is not dischargeable under the Bankruptcy Code, § 523(a)(4) which provides that "a discharge under [the Bankruptcy Code] does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C.A. § 523(a)(4).

8. It is undisputed that no embezzlement or larceny occurred in this case and the state court simply found that debtor, Plaintiff's boyfriend and manager of her business, while she was in drug rehab outside the state, to have owed a fiduciary duty and in default for not appearing at the bench trial, but did not find fraud.

9. In this case, to now avoid discharge of the default judgment debt in bankruptcy, Plaintiff must show by a preponderance of the evidence that the debt was incurred through "defalcation" while Debtor acting in a fiduciary capacity. *See* Grogan v. Garner, 498 U.S. 279, 291 (1991) (adopting preponderance of the evidence standard for § 523(a) discharges).

10. The Eighth Circuit has interpreted the term "fiduciary" in § 523(a)(4) to refer only to trustees of "express trusts." In re Long, 774 F.2d 875, 878 (*quoting* Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934)); *see also* In re Cantrell, 329 F.3d 1119, 1125 (9th Cir. 2003) ("[T]he broad, general definition of fiduciary – a relationship involving confidence, trust and good faith – is inapplicable in the dischargeability context."). The term is used in a "strict and narrow sense," and therefore does not embrace trustees of constructive trusts imposed by law because of the trustee's malfeasance. In re Long, 774 F.2d at 878; *see also* In re Cochran, 124 F.3d 978, 984 (8th Cir. 1997) (holding that the question of fiduciary status is a question of federal law). *See also* Fowler Bros. v. Young, 91 F.3d 1367, 1372 (10th Cir. 1996) (holding general fiduciary duties of confidence, trust, loyalty, and good faith insufficient to establish the necessary fiduciary relationship for purposes of § 523(a)(4)); Clark v. Allen 206 B.R. 602, 606 (Bankr. M.D. Fla. 1997) (noting that the traditional meaning of the term fiduciary is far too broad for bankruptcy purposes.); Ducey v. Doherty, 160 B.R. 465, 469 (Bankr. D.N.H. 1993) (noting that the term fiduciary in § 523(a)(4) is narrower in scope than the word as traditionally used under state law); Hartwood Aviation, Inc. v. Hamilton, 147 B.R. 779, 783 (Bankr. D. Colo. 1992) (holding a duty of care, without more, insufficient to satisfy the fiduciary relationship element of § 523(a)(4)); Capital Indem. Corp. v. Interstate Agency, Inc. 760 F.2d 121 (6th Cir. 1985), (defining defalcation as "encompassing embezzlement, the 'misappropriation of trust funds held in any fiduciary

capacity,' and the 'failure to properly account for such funds.'"; Highland v. Hix, 161 B.R. 401, 404 (Bankr. N.D. Ohio 1993) (holding that plaintiff must prove an express trust status to establish the nondischargeability of a debt under § 523(a)(4)).

11. In this case, despite the absence of an express trust, even assuming the existence of a fiduciary relationship based on nothing more than the default judgment in state court, sufficient to satisfy the defalcation provision of § 523(a)(4), the question remains as to was whether the debt that Foster owed Conine was the result of defalcation. Defendant submits that Plaintiff can not establish, or at a minimum a genuine issue of fact remains as to whether there was a misappropriation of trust funds held in a fiduciary capacity, and failure to properly account for trust funds. *See e.g.* Interstate Agency, 760 F.2d at 125. Simply put under § 523(a)(4) the mere failure to meet an obligation while acting in a fiduciary capacity simply does not rise to the level of "defalcation" and as such Plaintiff's Motion for Summary Judgment should be denied as a matter of law.

12. As such at a minimum genuine issues for trial based upon the record in this case exist as to whether Plaintiff's pleadings in this matter setforth any legal or factual basis for non dischargeability. Plaintiff's pleadings, even viewed in a light most favorable to Plaintiff, fail to clearly state any basis whatsoever for the relief requested therein or to establish that there is no genuine issue of material fact or that Plaintiff is entitled to judgment as a matter of law

WHEREFORE, based on this Response, Defendant's Brief in Opposition to Summary Judgment, and based on the Defendant's statement of Material Facts in dispute, with affidavits and attachments in support thereof, at a minimum genuine issues of material fact exist on each issue herein and for the reasons stated hereto Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be denied as a matter of law, and that Defendant receive any and all proper relief

to which he may be entitled.

>Respectfully submitted,
>
>By: /S/ N. Donald Jenkins, Jr.
>N. Donald Jenkins, Jr.
>JENKINS LAW FIRM, PLLC
>1209 Highway 71 North
>P. O. Box 1525
>Alma, Arkansas 72921
>Telephone: (479) 632-0202
>Facsimile: (479) 632-0264

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, has been electronically mailed to:

Hon. Ray Fulmer, Chapter 7 Trustee
rrf@lcahlaw.com

U.S. Trustee
USTPRegion12.LR.ECF@usdoj.gov

Charles S. Embry
Attorney at Law
1920 Main, Ste. 104
N. little Rock, AR 72114

>/s/N. Donald Jenkins Jr.
>N. Donald Jenkins, Jr.